**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 9, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES L. HERVEY,

Defendant - Appellant.

No. 19-3080
(D.C. No. 6:18-CR-10023-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

After unsuccessfully moving to suppress evidence, Mr. Charles
Hervey was convicted of being a user of a controlled substance in
possession of a firearm. *See* 18 U.S.C. § 922(g)(3). Mr. Hervey appeals,
arguing that the district court erred in denying his motion to suppress
because (1) the warrantless search of an outdoor trash cart violated his

---

[*]      The parties do not request oral argument, and it would not materially
help us to decide this appeal. We have thus decided the appeal based on the
appellate briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).

     This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value as
appropriate under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

reasonable expectation of privacy and (2) the search warrant was deficient because it didn't adequately describe the items of interest. We reject these arguments and affirm.

## I.     The Investigation and Search

In 2017, the Wichita police were watching a house occupied by residents who had frequently been arrested with firearms. The police suspected that gang members were using the house to hide from law enforcement.

While watching the house, Officer Perry saw a car arrive. A passenger went inside the house, then left in the car after only about five minutes. Officer Perry followed and stopped the car for a traffic infraction. During the traffic stop, Officer Perry found 56 grams of marijuana and learned that someone named "Little" lived at the house. "Little" was a name known to the Wichita Police as an alias for Mr. Hervey.

Six days later, Officer Perry searched an outdoor trash cart at the edge of the house and found roughly 23 baggies and 2 large vacuum-sealed bags. The bags contained marijuana residue. Officer Perry also learned that

- Mr. Hervey was believed to be a member of a well-known violent gang,

- Mr. Hervey had frequently been arrested with firearms in his possession, and

- other residents of the house had recently been stopped with a .40 caliber handgun in their possession.

2

With this information, Officer Perry obtained a warrant to search the house for seven items:

1.    Unknown quantity of a leafy green substance commonly known as marijuana in any and all forms.

2.    Packaging material, scales, paraphernalia, pagers, portable phones and surveillance equipment used in the association with the sale of marijuana.

3.    U.S. currency, used in the sale of marijuana.

4.    Address and/or telephone books and any papers and/or computer records reflecting names, addresses, telephone numbers, and pager numbers of: co-conspirators, sources of supply, customers, and other individuals or businesses connected with the sale of marijuana.

5.    Indicia of occupancy, residency, rental, and/or ownership of the premises described herein, including, but not limited to, utility and telephone bills, canceled envelops [sic], rental, purchase or lease agreements, and keys.

6.    Firearms and ammunition used in connection with the sale of marijuana.

7.    Scanners and or radios used in connection with the sale of marijuana.

R. at 65.

The police executed the search warrant while Mr. Hervey was at home and discovered more marijuana, illegal pills,[1] a firearm, and documents relating to residency.

---

[1]    The record is inconsistent regarding whether these pills were methamphetamine or ecstasy. Mr. Hervey was indicted for possession of methamphetamine. R. vol. 1, at 15. But the presentence report refers to "ecstasy pills (methamphetamine)." R. vol. 2, at 14. The pills were also

3

## II.    The Search of the Outdoor Trash Cart

Mr. Hervey challenges the search of the trash cart. We reject this challenge because Mr. Hervey failed to preserve the issue.

To challenge the introduction of evidence in a criminal case, the appellant must have raised the issue in a pretrial motion to suppress. When the appellant omits an issue from the motion to suppress, appellate review is waived. Fed. R. Crim. P. 12(b)(3)(C); *see United States v. Bowline*, 917 F.3d 1227, 1234 (10th Cir. 2019); *United States v. Vance*, 893 F.3d 763, 769–70 (10th Cir. 2018).

In district court, Mr. Hervey did not ever object to the initial search of the outdoor trash cart. We thus conclude that Mr. Hervey has waived his challenge to the introduction of evidence from the warrantless search of the trash cart.

---

referred to as ecstasy during the hearing on Mr. Hervey's motion to suppress. The government's brief refers to the substance as ecstasy (except when listing the charges in the indictment). But methamphetamine and ecstasy are distinct drugs, appearing in different schedules under the Controlled Substance Act. *See* 21 U.S.C. § 812; 21 C.F.R. §§ 1308.11, 1308.12; *see also Drug Scheduling*, DEA, https://www.dea.gov/drug-scheduling. Because Mr. Hervey's conviction was not based on the pills, we need not resolve this inconsistency in the record.

## III.  Particularity of the Warrant

We also reject Mr. Hervey's challenge to the particularity of the warrant.[2] For this challenge, we engage in de novo review. *United States v. Cooper*, 654 F.3d 1104, 1125–26 (10th Cir. 2011).

The Fourth Amendment provides that warrants must "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. This requirement prohibits "general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). Given this prohibition, an adequately particularized warrant must "enable[] the searcher to reasonably ascertain and identify the things authorized to be seized." *United States v. Riccardi*, 405 F.3d 852, 862 (10th Cir. 2005) (quoting *United States v. Leary*, 846 F.2d 592, 600 (10th Cir. 1988)). "Even a warrant that describes the items to be seized in broad or generic terms may be valid when the description is as specific as the circumstances and the nature of the activity under investigation permit." *Id.*

We considered the particularity requirement in *United States v. Harris*, 903 F.2d 770 (10th Cir. 1990). There we addressed a similar

---

[2]     Mr. Hervey also asserts that the warrant was "invalid because it was not fully dated." Appellant's Opening Br. at 4. But Mr. Hervey does not explain or develop this assertion, so we consider it waived. *United States v. Brinson*, 772 F.3d 1314, 1321 (10th Cir. 2014).

warrant for the seizure of items related to the suspected sale of illegal substances. 903 F.2d at 774–75. In *Harris*, a traffic stop in Oklahoma yielded several trash bags with marijuana residue inside and over $400,000 in cash. *Id.* at 773. This discovery triggered suspicions about an interstate drug trafficking operation and prompted a search warrant for the defendant's home. *Id.* The *Harris* warrant identified seven items for the search:

> (1)    travel records and receipts;
>
> (2)    bank safe deposit records;
>
> (3)    currency;
>
> (4)    stocks, bonds or other securities;
>
> (5)    gold, silver and/or jewelry;
>
> (6)    books, records, memorandum, notes, bank records, investment records, or any other documents evidencing the obtaining, secreting, transfer, and/or concealment of assets and/or money obtained through illegal means, the source of which has been attempted to be hidden from the government in effort to circumvent, thwart, conceal or otherwise impair and impede the U.S. government; and
>
> (7)    marijuana and/or processing and/or packaging material for marijuana.

*Id.* at 774.

We regarded this description as sufficient for two reasons. First, "a drug dealing business[] makes it difficult to list with any greater particularity the books and records desired to be seized which evidences

such activity." *Id.* at 775. Second, the warrant had incorporated an affidavit detailing the investigation and nature of the crime. *Id.*

The investigation here also concerned the suspected sale of illegal drugs. The search warrant reflects the nature of that investigation, referring to large quantities of marijuana and multiple arrests involving the possession of firearms. The warrant also incorporates an affidavit by Officer Perry. In the affidavit, Officer Perry stated that the items listed in the warrant are commonly used in selling and consuming illegal substances. Officer Perry's information shows that the items bore a reasonable relationship to a crime.

Mr. Hervey argues that the descriptions were so general that the warrant would allow the executing officers to readily associate innocuous items with the sale of drugs. But the sufficiency of the warrant hinges on the nature of the investigation. Here, as in *Harris*, the nature of a drug-related investigation curtailed the investigating officers' ability to describe the items with greater precision.

The warrant did not authorize "general exploratory rummaging." Rather, the warrant identified specific items that Officer Perry had linked to drug crimes. The inclusion of broad categories, such as documentary evidence related to the sale of marijuana, does not render the warrant too general when the nature of the investigation prevented further precision.

Mr. Hervey also complains that the warrant lacked any adjectives describing the items. Mr. Hervey did not present this argument in his motion to suppress, so this argument has been waived. *See* Part II, above. But even if he had preserved this argument, we would reject it because Mr. Hervey does not explain why the listed items are too general without an adjective.

* * *

In sum, the search warrant did not violate the Fourth Amendment's particularity requirement. The seven listed items were particular enough given

- the nature of the investigation and

- the incorporation of Officer Perry's affidavit linking the seven items to the sale and use of illegal drugs.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge